UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 16-10023-DJC |
| GERALD SIBLEY ) | |
| ) | |
| Defendant. ) | |

RESPONSE TO SENTENCING MEMORANDUM

The United States respectfully responds herewith to the defendant's Sentencing Memorandum, in which the defendant recommends a sentence of time served but in no event greater than 48 months. For the reasons below, the government recommends that the Court impose a sentence of 48 months.

ARGUMENT

The defendant's guidelines sentencing range ("GSR") is 57-71 months, based on a total offense level of 23 and a criminal history category of III. Pursuant to the plea agreement, the government has agreed to dismiss Count Two, charging the defendant with using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. As to Count One, the government recommends a sentence of 48 months based on the factors set forth at 18 U.S.C. § 3553(a).

**Nature and circumstances of the offense**

The defendant has pleaded guilty to a very serious offense: Hobbes Act robbery, in violation of 18 U.S.C. § 1951. As the Court is aware through the PSR and prior proceedings in this matter, on September 10, 2015, the defendant's co-defendant, Marion Griffin, entered the

1

Village Market in Brookline, Massachusetts and threatened the store clerk with a gun in order to obtain money.  The robbery was violent and the experience was frightening for the clerk.  It is true that the defendant acted as lookout and did not himself confront the clerk with a firearm or, indeed, enter the store at all, although he is fully liable under 18 U.S.C. § 2 for the actions of Mr. Griffin.

**The need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.**

As noted, the offense of conviction is extremely serious.   A sentence of time served, which is well under two years, would not sufficiently reflect this fact, nor would it be sufficient to promote respect for the law or provide just punishment.   Even though the defendant did not enter the store himself, he nonetheless participated in an extremely serious crime of violence, and a sentence of 48 months is thus warranted.

**The need to afford adequate deterrence to criminal conduct.**

A sentence of 48 months would serve to deter the defendant from engaging in further criminal conduct once released.   While the defendant notes that this would be the longest sentence the defendant has ever served, it is appropriate that such be the case, given that the instant offense is the most serious crime of which the defendant has committed.

A sentence of 48 months would also serve as general deterrence to others similarly situated who might be tempted to engage in similar conduct.

**The need to protect the public from further crimes of the defendant.**

At the time the defendant committed this offense, he was a danger to the community. He has pending in Suffolk County charges for similar conduct (although, as his state attorney indicates in her letter to the Court, as was the case here, the defendant neither pointed a weapon

2

at anyone nor entered the establishments involved).   A sentence of 48 months will protect the public from further crimes of the defendant.

**The need to provide the defendant with needed treatment.**

The defendant has identified drug addiction as a driving force contributing to his prior criminal history and his commission of the instant offense.   Assuming the defendant is willing to participate in the Bureau of Prisons 500 hour program and assuming it is available to him, a sentence of 48 months would be sufficient to facilitate the completion of said program.   The government agrees with the defendant that working to overcome his drug addiction is essential to his prospects for steering clear of the criminal justice system in the future.

**The Guidelines.**

While outside the GSR for this offense, a sentence of 48 months is only nine months below the low end of the range.   It also is 18 months above the low end of the guidelines that would obtain had no firearm been involved, and thus does take into account the two factors considered by the guidelines for a Hobbs Act robbery committed in this manner: the fact that the offense is a robbery, and the fact that a gun was used.   *See* PSR ¶¶ 14-15.

**The need to avoid unwarranted sentencing disparities.**

Finally, because a sentence of 48 months represents only a minor variance from the GSR, it would help to avoid unwarranted sentencing disparities.   As noted, it is significantly above the GSR that would have applied had no firearm been used, and thus it does reflect consideration of both factors that the Sentencing Commission has deemed appropriate to determining the GSR for this offense.   By contrast, a sentence of time served is untethered to any guidelines calculation and thus would serve to promote, rather than reduce, disparities in sentencing for similar

conduct.

## CONCLUSION

For the foregoing reasons, the government respectfully recommends that the Court impose a sentence of 48 months, three years of supervised release, a mandatory $100 special assessment, and restitution of $950.

                                          Respectfully submitted,

                                          WILLIAM D. WEINREB
                                          Acting United States Attorney

                      By:     /s/Robert E. Richardson
                            ROBERT E. RICHARDSON
                            Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Suffolk, ss.:                                                              Boston, Massachusetts
                                                                        March 29, 2017

     I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                  /s/Robert E. Richardson
                                                  ROBERT E. RICHARDSON